**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

|  |  |
|---|---|
| In re:  ) | Case No.: **17-11625-KHK** |
| ) | |
| **THOMAS GIBSON JEWELL**  ) | |
| ) | Chapter 11 |
| Debtor  ) | |

**MOTION FOR ENTRY OF ORDER DIRECTING RULE 2004 EXAMINATION AND
PRODUCTION OF DOCUMENTS**

COMES NOW, Thomas Gibson Jewell (the "Debtor"), by counsel, pursuant to Federal Rules of Bankruptcy Procedure 2004 and Local Bankruptcy Rule 2004-1, and moves this Court to enter an order directing a Rule 2004 Examination of and compelling the Production of Documents by Jeffrey A. Bolyard (the "Mr. Bolyard"), identified in *Exhibit A,* at the Law Office of Frank Bredimus, 16960 Ivandale Road, Hamilton, Virginia 20158, three (3) days before the examination. In support thereof, the Debtor states the following:

1. The Debtor initiated this bankruptcy case by filing his Voluntary Petition (the "Petition") under Chapter 11 of the United States Bankruptcy Code on May 12, 2017 as case number 17-11625-KHK.

2. The Debtor is the attorney-in-fact for his mother, Dorothy M. Jewell ("Dorothy Jewell"), pursuant to a Power of Attorney dated October 8, 2002, which was executed by Dorothy Jewell. Additionally, the Debtor is the sole Trustee of the Dorothy M. Jewell Trust dated October 8, 2002 pursuant to the First Amendment to Dorothy M. Jewell Trust dated January 27, 2017.

3. Mr. Bolyard, former accountant for Dorothy Jewell, claims that he is now Dorothy Jewell's attorney-in-fact pursuant to a new durable power of attorney allegedly executed by Dorothy Jewell on June 26, 2017. Moreover, Mr. Bolyard claims that he is now the trustee of the

Dorothy M. Jewell Trust dated October 8, 2002 (the "Dorothy Jewell Trust"), and that he amended the Dorothy Jewell Trust. In order to ensure that he meets his fiduciary duties to his mother, Dorothy Jewell, and in order to ensure that he does not incur damages as a result of his failure to meet his fiduciary duties to Dorothy Jewell, the Debtor needs to determine whether or not Mr. Bolyard's claims are true, as well as any and all facts concerning Mr. Bolyard's claims. Moreover, the Debtor needs to investigate whether Mr. Bolyard has control of any of Dorothy Jewell's assets in his alleged capacity as the trustee of the Dorothy Jewell Trust or in his alleged capacity as Dorothy Jewell's attorney-in-fact. The requested documents are necessary to determine these issues.

4. "On motion of any party in interest, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). Additionally, the court may compel the production of documents. Fed. R. Bank. P. 2004(c).

5. "The examination of any entity under this rule or of the debtor, under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor." Fed. R. Bankr. P. 2004(b).

6. "The broad scope of questioning that applies at a meeting of creditors also applies at a Rule 2004 examination. Any question is allowable if (1) it relates to the acts, conduct, property, liabilities, or financial condition of the debtor, or (2) it relates to any matter that may affect the administration of the bankruptcy estate or the debtor's right to a discharge." *In re Russell*, 392 B.R. 315, 359 (Bankr. E.D. Tenn. 2008)

7. Rule 2004 (and its predecessor rules) gives parties in interest an opportunity to examine individuals having knowledge of the financial affairs of the debtor in order to preserve the rights of creditors. *In re GHR*, 41 B.R. at 660.

8. Bankruptcy Rule 2004 is the fundamental discovery devise in bankruptcy cases. See *In re Muy Bueno Corp.*, 257 B.R., 843, 851 (Bankr. W.D. Tex. 2001). Bankruptcy Rule 2004(a) provides: "On motion of any party-in-interest, the Court may order the examination of any entity." As the Rule makes no mention of notice, the Court may order Rule 2004 examination immediately upon request of a party-in-interest. See, e.g., *In re Hickman*, 151 B.R. 125, 128 (Bankr. N.D. Ohio 1993) ("[t]he motion may be heard *ex parte*…").

9. Courts routinely reinforce the broad scope of Rule 2004 examinations. *See, e.g., In Re Duratech Indus., Inc.*, 241 B.R. 283, 289 Bankr. E.D.N.Y. 1999) ("The scope of a Rule 2004 examination is exceptionally broad . . . ."); *In Re Bazemore*, 216 B.R. 1020, 1023 (Bankr. S.D. Ga. 1998) ("FRBP 2004 is broadly read."); *In Re Szadkowski*, 198 B.R. 140, 141 (Bankr. D. Md. 1996) ("A Rule 2004 examination allows a broad 'fishing expedition' into an entity's affairs for the purpose of obtaining information relevant to the administration of the bankruptcy estate."); *In Re Dinubilo*, 177 B.R. 932, 939 (Bankr. E.D. Cal. 1993) ("The range of discoverable subject matter in a Rule 2004 examination is 'unfettered and broad'."); *In re Lang*, 107 B.R. 130, 132 (Bankr. N.D. Ohio 1989) ("The Rule contemplates a broad and far-reaching inquiry into the debtor's affairs."); *Matter of Wilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985) ("The general rule is that the scope of a Rule 2004 examination is very broad and great latitude of inquiry is ordinarily permitted."); *In Re Johns-Manville Corp.*, 42 B.R. 362, 364 (S.D. N.Y. 1984) (in the context of a Rule 2004 examination, "the inquiry may `cut a broad swath through the debtor's affairs, those associated with him, and those who might have had business dealings with him'."). A New York bankruptcy court cogently concluded:

> The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether wrongdoing has occurred. (citation omitted) The scope of Rule 2004 examination is very broad, broader

even than discovery under the Federal Rules of Civil Procedure.

*In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004)

10. The Debtor seeks to conduct a Rule 2004 examination of Mr. Bolyard on the following subject matters: (the "Examination Topics"):

- Mr. Bolyard's assertion that he is now Dorothy Jewell's attorney-in-fact;
- Mr. Bolyard's possession and/or handling of Dorothy Jewell's assets;
- Matters arising from review of the documents produced by the mr.
- Mr. Bolyard's assertion that he is now trustee of the Dorothy Jewell Trust, and that he amended the Dorothy Jewell Trusts.
- Mr. Bolyard's communications with third parties regarding Dorothy Jewell and the Dorothy Jewell Trust.

11. The Debtor is entitled to the information and documentation he requested and, therefore, an order compelling attendance and compliance should be issued. Therefore, the Debtor requests the Court issue an Order to require the Debtor to appear at the Law Office of Frank Bredimus on for Rule 2004 examination.

12. Rule 2004(c) contemplates the production of documents in conjunction with a Rule 2004 examination. The Debtor seeks production by Mr. Bolyard within three (3) business days prior to the Rule 2004 examination the documents listed on *Exhibit A*.

WHEREFORE, the Debtor respectfully moves this Court to enter an Order requiring Mr. Bolyard to appear and testify under oath at a Rule 2004 examination in the Law Office of Frank Bredimus, and to produce all documents set forth in *Exhibit A* at the Law Office of Frank Bredimus three (3) days prior to the examination date, and for such other and further relief as this Court deems just and proper.

Dated:  September 1, 2017                    Respectfully submitted,
                                             THOMAS GIBSON JEWELL
                                             *By Counsel*

  */s/ Frank Bredimus*
Frank Bredimus

– 5 –

*Counsel for the Debtor*
The Law Office of Frank Bredimus
16960 Ivandale Road
Hamilton, VA 20158
VSB # 28793
Tel:   571-344-2278
Fax:   540-338-5421
Email:   fbredimus@aol.com

**CERTIFICATE OF SERVICE**

    I hereby certify that I have on this 1st day of September, 2017, caused a true and accurate copy of this *Motion* to be served electronically through the electronic case filing system to all persons entering their appearance and requesting notice in this case, and on the 2nd day of September, 2017, by First-Class mail, postage prepaid, to the parties set forth below:

    Jeffrey A. Bolyard
    6 Royal Street SW
    Suite 430
    Leesburg, VA 20175
    (*via Certified*)

    Jack Frankel
    Office of the U.S. Trustee
    115 South Union Street
    Suite 210
    Alexandria, VA 22314

                                       */s/ Frank Bredimus*
                                        Frank Bredimus