## EXHIBIT A

### Definitions

As used in this Exhibit A, the following terms shall have the meanings set forth below:

1. "**Debtor**" shall refer to Thomas Gibson Jewell.

2. "**Dorothy Jewell**" shall refer to Dorothy M. Jewell, the Debtor's mother.

3. "**Dorothy Jewell Trust**" shall refer to the Dorothy M. Jewell Trust dated October 8, 2002, along with any and all amendments thereto.

4. Reference to the Debtor and/or his Affiliated Companies shall include all of their officers, directors, and agents, including without limitation, accountants, lawyers and investment bankers.

5. "**Document**" is used in the broadest possible sense and means, but is not limited to, all originals, copies (if the originals are not available), non-identical copies, (whether different from the original because of underlining, editing marks, notes made on or attached to such copy, or otherwise), and drafts of the following items, whether printed or recorded (through a sound, video or other electronic, magnetic or digital recording system) or reproduced by hand: letters, correspondence, telegrams, telexes, memoranda, notes, records, summaries of personal conversations or interviews, minutes or records or notes of meetings or conferences, note pads, notebooks, postcards, Post-It notes, stenographic notes, notebooks, opinions or reports of financial advisors or consultants, opinions or reports of experts, projections, financial or statistical statements or compilations, tax returns and other filings required by statute or regulation, contracts, agreements, appraisals, analyses, purchase orders, confirmations, invoices, publications, articles, books, pamphlets, circulars, press-releases, microfilm, microfiche, reports, studies, logs, surveys, diaries, calendars, appointment books, maps, charts, graphs, tables, bulletins, photostats, speeches, data sheets, pictures, photographs, illustrations, drawings, blueprints, films, plans, tape recordings, videotapes, disks, diskettes, data tapes and/or readable computer-produced interpretations or transcriptions thereof, electronically transmitted messages ("E-mail"), voice mail messages, inter-office communications, advertising, packaging and promotional materials, and any other writings, papers and tangible objects whatsoever containing information including, but not limited to, information contained in any computer, even if not yet printed out, that is within the possession, custody or control of the (Accountants) and its subsidiaries, divisions and affiliates.

6. "**Communication**" means both oral and written communications, whether found in hard copy or in electronic format, and means all conversations, presentations, discussions, speeches, meetings, telephone calls, documents, writings, emails, and all other means by which information, data, language or documents are transmitted, passed or otherwise conveyed from one or more persons or entities to one or more other persons or entities.

7. "**Mr. Bolyard**" shall refer to Jeffrey A. Bolyard.

8. "**Petition Date**" shall mean May 12, 2017.

9. "**Relates**" The term "relates" or "relates to" means constitutes, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, analyzes, contains information concerning, or is in any way pertinent to that subject matter

10. The singular of any word includes the plural, and the plural includes the singular.

11. Any capitalized term, not otherwise defined herein, shall have the same meaning as defined in the *Motion for Entry of Order Directing Rule 2004 Examination and Production of Documents*.

## Documents to Be Produced

The Debtor requests the following be produced:

1. Any banking statements or other financial institution documents relating to Dorothy Jewell for 2016 to present.

2. Any Communications between Mr. Bolyard and Dorothy Jewell for the time period 2016 to present.

3. Any Communications between Mr. Bolyard and any employee of Jeffrey A. Bolyard CPA PC relating to Dorothy Jewell for the time period 2016 to present.

4. Any Communications between Mr. Bolyard and any attorney at Clark, Park & Dennis, P.C., including, but not limited to, Chong C. Park, relating to Dorothy Jewell for the time period 2016 to present.

5. Any tax returns relating to Dorothy Jewell, including, but not limited to, documents used for the preparation of Dorothy Jewell's tax returns for the time period 2016 to present.

6. Any legal documents relating to Dorothy Jewell for the time period 2016 to present.

7. Any financial documents of whatever nature relating to Dorothy Jewell for the time period 2016 to present.

8. All QuickBooks summaries or ledgers for Dorothy Jewell for the time period 2016 to present.

9. Any banking statements or other financial institution documents relating to Dorothy Jewell Trust for 2016 to present.

10. Any Communications between Mr. Bolyard and any employee of Jeffrey A. Bolyard CPA PC relating to the Dorothy Jewell Trust for the time period 2016 to present.

11. Any Communications between Mr. Bolyard and any attorney at Clark, Park & Dennis, P.C., including, but not limited to, Chong C. Park, relating to the Dorothy Jewell Trust for the time period 2016 to present.

12. Any tax returns relating to the Dorothy Jewell Trust for the time period 2016 to present.

  13. Any legal documents relating to the Dorothy Jewell Trust for the time period 2016 to present.

  14. Any financial documents of whatever nature relating to the Dorothy Jewell Trust for the time period 2016 to present.

  15. All QuickBooks summaries or ledgers relating to the Dorothy Jewell Trust for the time period 2016 to present