UNTED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In Re: | : |
| | : |
| THOMAS G. JEWELL, | : Case No. 17-11625-KHK |
| | : |
| Debtor. | : |
| | : |
| | : |
| DOROTHY M. JEWELL, | : |
| | : |
| | : |
| Movant, | : |
| | : |
| v. | : |
| | : |
| THOMAS G. JEWELL, | : |
| | : |
| Respondent. | : |
| | : |

## OBJECTION TO MOTION FOR ENTRY OF ORDER DIRECTING
## RULE 2004 EXAMINATION AND PRODUCTION OF DOCUMENTS

COMES NOW, Movant DOROTHY M. JEWELL, a creditor and party in interest in this case, by counsel, and objects to the entry of an order directing a Rule 2004 examination of and compelling the production of documents by Jeffrey A. Bolyard.  In support thereof, Mrs. Jewell states as follows:

1. On October 8, 2002, Dorothy M. Jewell executed the *Durable Power of Attorney of Dorothy M. Jewell*, appointing the Debtor, Thomas Gibson Jewell as her attorney-in-fact.

2. On June 9, 2017, Mrs. Jewell revoked the October 8, 2002 power of attorney appointing the Debtor and executed the *Durable Power of Attorney of Dorothy M. Jewell*, dated June 26, 2017, appointing Jeffrey A. Bolyard as her attorney-in-fact.  *See attached Revocation of*

*Power of Attorney and Durable Power of Attorney of Dorothy M. Jewell, dated June 26, 2017,*

*labeled Exhibits 1 and 2, respectively.*

3.  On August 31, 2017, Mrs. Jewell was served with a notice from the Debtor that

she has been named as a creditor in this case relating to a petition for discovery brought by Mrs.

Jewell against the debtor in state court.

4.  Mrs. Jewell is also a party-in-interest in this case as she is the sole beneficiary of

the Clarence G. Jewell Trust, which has also been named as a creditor in this case.

5.  On September 1, 2017, the debtor filed his *Motion for Entry of Order Directing*

*Rule 2004 Examination and Production of Documents* requesting the examination of:

a) Mr. Bolyard's assertion that he is Dorothy Jewell's attorney-in-fact;

b) Mr. Bolyard's possession and/or handling of Dorothy M. Jewell's assets;

c) Matters arising from review of the "documents produced by [Mr. Bolyard]";

d) Mr. Bolyard's assertion that he is now trustee of the Dorothy Jewell Trust, and that he

amended the Dorothy Jewell Trusts; and,

e) Mr. Bolyard's communications with third parties regarding Dorothy Jewell and the

Dorothy Jewell Trust.

6.  The Dorothy M. Jewell Trust, dated October 8, 2002 is not a creditor or party in

interest in this case.

7.  The Debtor seeks examination of information and materials outside of the scope

of Rule 2004. In his motion, The Debtor requests information for examination from Mr. Bolyard

in his capacity as Mrs. Jewell's attorney-in-fact and also seeks examination of personal and

business information regarding Mrs. Jewell's private affairs. The scope of an examination of an

entity under Rule 2004 is limited to the "acts, conduct, or property or to the liabilities and

financial condition of the debtor, or to any matter which may affect the administration of the

debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b). "[A]lthough

Rule 2004 permits examinations of 'third parties' the language of the rule makes it 'evident that

an examination may be had only of those persons possessing knowledge of a debtor's acts,

conduct or financial affairs so far as this relates to a debtor's proceeding in bankruptcy.' *In re

Wilcher*, 56 B.R. 428, 1985 Bankr. LEXIS 4766, Bankr. L. Rep. P70,933, (Bankr. N.D. Ill.,

1985) (quoting *In Re GHR Energy Corp., 35 B.R. 534, 537 (Bankr. D. Mass. 1983)*.  It is clear

that Rule 2004 may not be used as a device to launch into a wholesale investigation of a non-

debtor's private business affairs. *Id*.  The information requested by the Debtor is not related to the

Debtor's acts, conduct, or financial affairs.  In particular, the Debtor seeks examination of

information pertaining to the Dorothy M. Jewell Trust; a trust that that is not a party in interest

nor creditor in this case and of which the Debtor does not serve as trustee.  In addition, the

Debtor seeks information regarding the "handling of Dorothy M. Jewell's assets."  Thomas

Jewell has filed for chapter 11 bankruptcy, not Dorothy M. Jewell.  Mrs. Jewell's assets and how

Mrs. Jewell's assets are handled or distributed by Mr. Bolyard as her trustee and attorney-in-fact

are not relevant to the administration of the Debtor's estate.  By requesting examination of

information relating to the Dorothy M. Jewell Trust and Mr. Bolyard's actions as trustee and

attorney-in-fact under the power of attorney, The Debtor is attempting to delve into the private

affairs of a completely unrelated entity and also attempting to invade the privacy of Mrs. Jewell.

Accordingly, examination of the Dorothy M. Jewell Trust and the actions of Mr. Bolyard as

trustee and attorney-in-fact are not related to the proceeding of this bankruptcy case.

WHEREFORE, Movant Dorothy M. Jewell, respectfully requests that this Court deny the Debtor's motion for entry of an order directing Rule 2004 Examination and production of documents and grant such other and further relief as it deems just and proper.

Respectfully submitted,

DOROTHY M. JEWELL,

By Counsel,

_____/s/ Chong C. Park_____
Chong C. Park, Esq., VSB 45733
Clark, Park & Dennis, P.C.
Market Station
108-E South Street, S.E.
Leesburg, Virginia 20175
Tel (703) 443-0001
Fax (703) 443-1081
cpark@theclarkfirm.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have on this 8th day of September 2017, caused a copy of the foregoing *Objection to Motion for Entry of Order Directing Rule 2004 Examination and Production of Documents* to be served on all necessary parties by electronically filing the foregoing with the Clerk of the Court using CM/ECF System, and/or by mailing via U.S. First-Class Mail to the following:

Jack Frankel, Esquire
Office of the U.S. Trustee
115 South Union Street
Suite 210
Alexandria, Virginia 22314

Judy A. Robins
Office of the U.S. Trustee
Suite 210
Alexandria, Virginia 22314

Frank Bredimus, Esquire
The Law Office of Frank Bredimus
P.O. Box 535
Hamilton, Virginia 20159
fbredimus@aol.com
*Counsel for Debtor*

                    /s/ Chong C. Park
                      Chong C. Park

# Revocation of Power of Attorney

I, Dorothy M. Jewell, hereby revoke the following power of attorney previously granted by me as Principal:

    (i)   Power of Attorney dated October 8, 2002, appointing Thomas G. Jewell as my agent and Gary A. Jewell as successor agent.

Dated June 9, 2017

_Dorothy M. Jewell_
Dorothy M. Jewell, Principal

COMMONWEALTH OF VIRGINIA     )
COUNTY OF LOUDOUN        )

This instrument was acknowledged before me on June 9, 2017, by Dorothy M. Jewell.

JONATHAN EDWARD NOBLE
Notary Public
Commonwealth of Virginia
My Commission Expires __11/30/2019__
Commission ID# 7649251

Notary Public



EXHIBIT

1

# DURABLE POWER OF ATTORNEY
## OF
## DOROTHY M. JEWELL

## June 26, 2017

LAW OFFICES
### LEGACY ELDER LAW CENTER
THE CLARK LAW FIRM
108 SOUTH STREET, S.E.
SUITE E
LEESBURG, VIRGINIA 20175
(703) 988-7975



# Durable Power of Attorney
# of
# Dorothy M. Jewell

I, Dorothy M. Jewell of 405 Mosby Drive, Leesburg, VA 20175, am creating a durable power of attorney intended to comply with Virginia law. I hereby revoke all powers of attorney previously granted by me as Principal and terminate all Agency relationships created by me except:

    (i)   powers granted by me under any Health Care Durable Power of Attorney;

    (ii)  powers granted by me on forms provided by financial institutions granting the right to write checks on, deposit funds to, and withdraw funds from accounts to which I am a signatory;

    (iii) powers granting access to a safe deposit box.

# Article One
# Appointment of Agent

### Section 1.01    Initial Agent

I appoint Jeffrey A. Bolyard, CPA, to serve as my Agent.

### Section 1.02    Authority to Delegate

Any serving Agent may delegate, in writing, any of the Agent's authority granted under this Durable Power of Attorney. The serving Agent making a delegation under this provision may revoke the delegation at any time.

### Section 1.03    Self-Dealing by Spouse or Descendant

This Section only applies if my spouse (if I become married) or a descendant of mine is serving as my Agent.

My agent may engage in acts of self-dealing, even if state law restricts acts of self-dealing. Unless expressly prohibited by another provision of this Durable Power of Attorney, my Agent may enter into transactions on my behalf in which my Agent is personally interested, so long as the terms of such transaction are fair to me. For example, my Agent may purchase property from me at its fair market value without court approval.

### Section 1.04    No Person Under 21 Years of Age May Serve as Agent

No person named as my Agent or successor Agent may serve until that person has attained the age of 21 years.

### Section 1.05     Prior or Joint Agent Unable to Act

A successor Agent, or an Agent serving jointly with another Agent, may establish that the acting Agent or joint Agent is no longer able to serve as Agent by signing an affidavit that states that the Agent is not available or is incapable of acting. The affidavit may (but need not) be supported by a death certificate of the Agent, a certificate showing that a guardian or conservator has been appointed for the Agent, a letter from a physician stating that the Agent is incapable of managing his or her own affairs, or a letter from the Agent stating his or her unwillingness to act or delegating his or her power to the successor Agent.

# Article Two
# Effectiveness of Appointment - Durability Provision

### Section 2.01     Effectiveness

The authority granted to my Agent under this Durable Power of Attorney shall be effective immediately upon signing.

### Section 2.02     Durability

The authority granted to my Agent under this Durable Power of Attorney shall not be affected by my subsequent disability, incompetency, incapacity, or lapse of time.

### Section 2.03     Termination of Durable Power of Attorney

This Durable Power of Attorney shall expire at the earlier of:

    (i)  my death (except for post-death matters allowed under state law); or

    (ii)  my revocation of this Durable Power of Attorney.

# Article Three
# General Powers

I grant my Agent the powers described in this Article so that my Agent may act on my behalf. In addition, my Agent may do everything necessary to exercise the powers listed below.

My Agent may exercise any power described in this Durable Power of Attorney on my behalf with respect to any real property I now own or may acquire in the future, including, but not limited to, the real property described in Schedule A attached hereto.

### Section 3.01     Real and Personal Property Sales and Purchases

Unless specifically limited by the other provisions of this Durable Power of Attorney, my Agent may:

(i)   sell, exchange, and convey any interest I own in any kind of property, real or personal, including homestead property under Virginia law or the laws of any other state, and determine the terms of sale and grant options with regard to sales;

(ii)  dispose of sales proceeds on my behalf as my Agent determines is appropriate;

(iii) buy any kind of property, real or personal, including homestead property under Virginia law or the laws of any other state, and determine the terms for buying property and may obtain options to buy property;

(iv)  arrange to insure purchased property, and otherwise arrange for its safekeeping;

(v)   borrow money for the purposes described in this Section and to secure the loan in any manner my Agent determines is appropriate, and repay the loan from my funds;

(vi)  pay for any purchases made; and

(vii) repay any cash advanced from my credit cards.

## Section 3.02     Real Property Management

My Agent may manage any real property I now own or may acquire in the future, including my personal residence and homestead property under Virginia law or the laws of any other state.  Unless specifically limited by the other provisions of this Durable Power of Attorney, my Agent may:

(i)   declare, create, or execute a homestead on my personal residence under Virginia law or the laws of any other state; and terminate, abandon, release, or give a waiver on any interest I have in a homestead;

(ii)  lease and sublease property for any period, and grant options to lease or subdivide property, even if the term of the lease, sublease, or option extends beyond the term of this Durable Power of Attorney;

(iii) eject and remove tenants or other persons from property, and recover the property by all lawful means;

(iv)  collect and sue for rents;

(v)   execute occupancy agreements on my behalf;

(vi)  pay, compromise, or contest tax assessments and apply for tax assessment refunds;

(vii) subdivide, partition, develop, dedicate property to public use without consideration, and grant or release easements over my real property;

(viii) maintain, protect, repair, preserve, insure, build upon, improve, demolish, abandon, and alter all or any part of my real property;

(ix)  employ laborers;

(x)   obtain or vacate plats and adjust boundaries;

(xi)   adjust differences in the property's value on exchange or partition by giving or receiving consideration;

(xii)   release or partially release real property from a lien;

(xiii)   enter into any contracts, covenants, and warranty agreements regarding my real property that my Agent considers appropriate; and

(xiv)   encumber property, including homestead property under Virginia law or the laws of any other state, by mortgage or deed of trust.

## Section 3.03    Tangible Personal Property Management

My Agent may manage any tangible personal property I now own or may acquire in the future.  Unless specifically limited by the other provisions of this Durable Power of Attorney, my Agent may:

(i)   lease and sublease property for any period, and grant options to lease or subdivide property, even if the term of the lease, sublease, or option extends beyond the term of this Durable Power of Attorney;

(ii)   recover my property by all lawful means;

(iii)   collect and sue for rents;

(iv)   take possession of and use my property in order to exercise any authority granted in this Power of Attorney;

(v)   pay, ~~compromise~~, or contest tax assessments and apply for tax assessment refunds;

(vi)   maintain, protect, repair, preserve, insure, improve, destroy, and abandon all or any part of my property; and

(vii)   grant security interests in my property.

My Agent may accept tangible personal property as a gift or as security for a loan.

## Section 3.04    Residence and Tangible Personal Property

Without limiting any other authority granted in this Durable Power of Attorney, if my Agent determines that I will never be able to return to my residence from a hospital, hospice, nursing home, convalescent home, or similar facility, my Agent may sell, lease, sublease, or assign my interest in my residence on terms and conditions that my Agent considers appropriate.

As it relates to items of tangible personal property remaining in my residence, my Agent may:

(i)   store and safeguard any items, and pay all storage costs;

(ii)   sell any items that my Agent believes I will never need again on terms and conditions that my Agent considers appropriate; or

(iii)   transfer custody and possession of any item to the person named in my estate planning documents as the person to receive that item upon my death.

### Section 3.05    Bank Accounts and Banking Transactions

My Agent may establish bank accounts of any type in one or more bank institutions that my Agent may choose. My Agent may modify, terminate, make deposits to, write checks on, make withdrawals from (including by electronic funds transfer), and grant security interests in any account in my name or to which I am an authorized signatory, except accounts held by me in a fiduciary capacity. In exercising this authority, it does not matter whether or not the account was established by me or for me by my Agent. My Agent is authorized to negotiate, endorse, or transfer any check or other instrument with respect to any account, to contract for any services rendered by any bank or financial institution, and to execute, on my behalf as principal, any agency or power of attorney forms furnished by a bank with respect to accounts with the bank that appoints the bank or any person as my agent.

My Agent is authorized to access, establish, cancel, or continue online bank accounts (through the Internet or other similar method) and conduct online banking transactions of any kind as authorized in this Section.

### Section 3.06    Investments and Investment Transactions

My Agent may invest and reinvest all or any part of my property in any other property of whatever type, real or personal, tangible or intangible, and whether located inside or outside the geographic borders of the United States and its possession or territories. Unless specifically limited by the other provisions of this Durable Power of Attorney, my Agent may:

(i) invest in securities of all kinds, limited partnership interests, real estate or any interest in real estate whether or not productive at the time of investment, commodities contracts of all kinds, interests in trusts including investment trusts;

(ii) participate in common, collective, or pooled trust funds or annuity contracts;

(iii) sell or otherwise terminate any investment made by me or on my behalf, and establish and terminate savings and money market accounts at banks and other financial institutions;

(iv) establish and terminate accounts with securities brokers and use brokerage accounts to make short sales and to buy on margin, and pledge any securities held or purchased in brokerage accounts as security for loans and advances made to the account;

(v) access, establish, cancel, or continue online investment accounts (through the Internet or other similar method) and conduct online investment transactions of any kind as authorized in this Section;

(vi) establish and terminate agency accounts with corporate fiduciaries; and

(vii) employ and fire financial and investment advisors.

## Section 3.07      Securities

My Agent may exercise all rights regarding securities that I own now or in the future. Specifically, my Agent may:

(i)   buy, sell, and exchange all types of securities and financial instruments, including, but not limited to, stocks, bonds, mutual funds, commodity futures contracts, and call and put options on stocks and stock indexes;

(ii)  receive certificates and other evidences of ownership with regard to securities;

(iii) hold securities in bearer or uncertified form and use a central depository, clearing agency, or book-entry system such as The Depository Trust Company, Euroclear, or the Federal Reserve Bank of New York;

(iv)  execute stock powers or similar documents on my behalf and delegate to a transfer agent or similar person the authority to register any stocks, bonds, or other securities into or out of my name or nominee's name;

(v)   place all or any part of my securities in the custody of a bank or trust company or in the name of its nominee;

(vi)  employ a broker-dealer as custodian for my securities and register the securities in the name of the broker-dealer or its nominee;

(vii) exercise voting rights with respect to securities in person or by proxy, enter into voting trusts, and consent to limitations on the right to vote;

(viii) participate in any reorganization, recapitalization, merger, or similar transaction; and

(ix)  exercise any subscription rights, option rights (whether or not qualified under the Internal Revenue Code) or other rights to which I am entitled now or in the future, or to sell and dispose of these rights, and, if required, to sign my name to rights, warrants, or other similar instruments.

## Section 3.08      Business Operations

My Agent may continue operating and managing any business in which I now or later own an interest for the period of time and in any manner my Agent considers appropriate. Unless specifically limited by the other provisions of this Durable Power of Attorney, my Agent may:

(i)   act as a director, general or limited partner, or associate or officer of the business;

(ii)  select and vote for directors, partners, associates, and officers of the business and enter into owners' agreements with other owners of any business in which I have an interest;

(iii) execute agreements and amendments to agreements necessary to the operation of the business including, but not limited to, stockholder

agreements, partnership agreements, buy-sell agreements, and operating agreements for limited liability companies;

(iv)  hire and fire employees;

(v)   pay employees' salaries and provide for employee benefits;

(vi)  employ legal, accounting, financial, and other consultants;

(vii) continue, modify, terminate, renegotiate, and extend any contracts with any person, firm, association, or corporation;

(viii) execute business tax returns and other government forms required for my business;

(ix)  pay all business related expenses;

(x)   transact business for me in my name and on my behalf;

(xi)  contribute additional capital to the business;

(xii) change the name or the form of the business;

(xiii) incorporate the business;

(xiv) enter into a partnership agreement with other persons;

(xv)  join in a plan to reorganize or consolidate my business, or merge my business with any other business;

(xvi) establish the value of the business under "buy-out" or "buy-sell" agreements to which I am a party;

(xvii) create, continue, or terminate retirement plans for my business' employees and make contributions required by those plans;

(xviii) advance money or other property to the business and make loans of cash or securities to the business as my Agent considers appropriate; and

(xix) borrow for the business and secure any loans with business assets or my personal assets.

My Agent may sell, liquidate, or close a business upon terms my Agent considers appropriate, including a sale in exchange for cash, a private annuity, and an installment note or any combination of those arrangements.

### Section 3.09    Partnership Interests

My Agent may manage any general, limited, or special partnership interest I own now or in the future.  Unless specifically limited by the other provisions of this Durable Power of Attorney, my Agent may:

(i)   exercise any right, power, privilege, or option I may have or may claim under any contract with the partnership;

(ii)  modify or terminate my interest on terms and conditions my Agent considers appropriate;

(iii)   enforce the terms of the partnership agreement for my protection by instituting or maintaining any action, proceeding or otherwise as my Agent considers appropriate; and

(iv)   defend, arbitrate, settle, or compromise any action or other legal proceeding to which I am a party because of my membership in the partnership.

## Section 3.10     Obligations

My Agent may collect all rights and benefits to which I am entitled now or in the future, including, but not limited to rights to, cash payments, property, debts, accounts, legacies, bequests, devises, dividends, and annuities.   In collecting my obligations, unless specifically limited by the other provisions of this Durable Power of Attorney, my Agent may demand, sue for, arbitrate, settle, compromise, receive, deposit, expend for my benefit, reinvest, or otherwise dispose of these matters as my Agent determines appropriate.

## Section 3.11     Bankruptcy

My Agent may act for me with respect to bankruptcy or insolvency, whether voluntary or involuntary, concerning me or some other person, or with respect to a reorganization, receivership, or application for the appointment of a receiver or trustee that affects an interest I have in any property or other thing of value.

Specifically, and without limiting the preceding, my Agent may act for me with respect to filing for bankruptcy, and in support of such filing may—

(i)   employ counsel to represent me;

(ii)   select any exemptions available to me;

(iii)   determine which debts to reaffirm;

(iv)   make any decisions regarding repayment and reorganization plans;

(v)   discuss my affairs with credit-counseling and debtor-education services;

(vi)   discuss my affairs with and employ debt-restructuring services; and

(vii)   take any other actions to further my interests.

## Section 3.12     Legal Actions

My Agent may institute, supervise, prosecute, defend, intervene in, abandon, compromise, adjust, settle, dismiss, and appeal from any and all legal, equitable, judicial, or administrative hearings, actions, suits, or proceedings involving me in any way.   This authority includes, but is not limited to, claims by or against me arising out of property damage or personal injury suffered by or caused by me or under circumstances such that the resulting loss may be imposed on me.   My Agent may otherwise engage in litigation involving me, my property, or my legal interests, including any property, interest, or person for which or whom I have or may have any responsibility.   However, my Agent may not agree to or enter into arbitration of any kind.

Durable Power of Attorney of Dorothy M. Jewell
Page 8 of 25

### Section 3.13    Fiduciary Positions

My Agent may resign or renounce for me any fiduciary position I hold now or in the future including personal representative, trustee, guardian, attorney-in-fact, and officer or director of a corporation and any governmental or political office or position. In so doing, my Agent may file an accounting with the appropriate court of competent jurisdiction or settle on the basis of a receipt, release, or other appropriate method.

### Section 3.14    My Spouse

If I become married, my Agent (including my spouse acting as my Agent) may deal with my spouse on my behalf. In dealing with my spouse, my Agent may transfer, transmute, partition, or exchange any of my property interests, whether separate or community property, between my spouse and me. My Agent may enter into and execute on my behalf marital property agreements, partition or exchange agreements, transmutation agreements, or community property agreements, and may enforce, amend, or revoke any such agreements between my spouse and me, but only with respect to rights and obligations in property owned by my spouse, by me, or by both of us, and with respect to reclassification of ownership, management, and control of such property.

### Section 3.15    My Support

My Agent may do anything reasonably necessary to maintain my customary standard of living, including:

(i)   maintain any residence by paying all operating costs, including, but not limited to, interest on mortgages or deeds of trust, amortization payments, repairs, and taxes, or by purchasing, leasing, or making other arrangement for a different residence;

(ii)  provide normal domestic help;

(iii) provide clothing, transportation, medicine, food, and incidentals; and

(iv)  make all necessary arrangements, contractual or otherwise, for my care at any hospital, hospice, nursing home, convalescent home or similar establishment, or in my own residence should I desire it, and assure that all of my essential needs are met wherever I may be.

### Section 3.16    Support of Dependents

My Agent may make payments as my Agent deems necessary for the health, education, maintenance or support of my spouse (if I become married) and those my Agent determines to be dependent on me for support.

### Section 3.17    Recreation and Travel

My Agent may, at my expense, allow me to engage in recreational and sports activities as my health permits, including travel.

### Section 3.18    Advance Funeral Arrangements

My Agent may make advance arrangements for my funeral and burial, including a burial plot, marker, and any other related arrangements that my Agent considers appropriate.

### Section 3.19    Memberships

My Agent may establish, cancel, continue, or initiate my membership in organizations and associations of all kinds.

# Article Four
# Additional Powers

In addition to the powers specified in Article Three, my Agent has the powers specified in this Article.  If a power specified in this Article conflicts with a power specified in Article Three, the power specified in this Article controls.

### Section 4.01    Fixtures and Personality

My Agent may engage in real estate transactions or transactions which involve any proprietary lease or stock evidencing my ownership of a cooperative apartment, including all fixtures and articles of personal property used in connection with the real property (my Agent may include such property in the deeds, mortgages, agreements, and any other instruments to be executed and delivered in connection with real estate transactions and which may be described in said instruments with more particularity).

### Section 4.02    Insurance Transactions

My Agent may engage in insurance transactions, including applying for, maintaining, canceling, paying premiums on, increasing or decreasing coverage, collecting, borrowing from, transferring ownership, surrendering and/or purchasing insurance policies.

### Section 4.03    Estate Transactions

My Agent may engage in estate transactions, including Receipt, Release, and Refunding Agreements and Waivers and Consents.

### Section 4.04    Disclaimers and Statutory Elections

My Agent may make statutory elections and renounce or disclaim any interest in property by testate or intestate succession or by inter vivos transfer consistent with Virginia law.

### Section 4.05    Powers of Appointment

My Agent may exercise in whole or in part, or decline to exercise, or disclaim my rights under any special or general power of appointment or any rights retained by me in any trust or otherwise, whether or not any such trust or other instrument was created by me or others.

### Section 4.06      Trusts

My Agent may create and fund inter vivos trusts of any type, whether revocable or irrevocable, and whether or not I am a beneficiary.  With respect to any trust created by me or on my behalf, my Agent may amend, modify, revoke, or terminate the trust. Further, my Agent may add property to an existing or subsequently created trust, and accept transfers or distributions from any trustee of any trust, including any trust over which I have a right of receipt or withdrawal, whether as grantor, beneficiary, or otherwise.

Also, and without limiting the authority granted to my Agent in this Section, my Agent may:

    (i)   create and fund a sole-benefit trust in accordance with United States Code, Title 42, Section 1396p(c)(2)(B);

   (ii)   create and fund a self-settled special needs trust in accordance with United States Code, Title 42, Section 1396p(d)(4)(A);

  (iii)   create and fund a qualified income trust in accordance with United States Code, Title 42, Section 1396p(d)(4)(B) if such a trust should be deemed necessary to qualify me for Medicaid benefits, and make arrangements for the diversion of my income to such a trust as necessary to comply with applicable Medicaid rules and regulations; and

  (iv)   sign all necessary documents to allow me to join any trust qualifying under United States Code, Title 42, Section 1396p(d)(4)(C) and transfer any portion of my assets to such trust.

### Section 4.07      Safe-Deposit Boxes

My Agent may enter any safe-deposit box or other place of safekeeping standing in my name alone or jointly with another and to remove the contents and to make additions.

### Section 4.08      Business Succession Agreements

My Agent may enter into buy/sell agreements and any other business succession agreements.

### Section 4.09      Loans and Notes

My Agent may engage in all dealings with respect to loans and forgiveness of debts.  My Agent may borrow money on such terms as my Agent may decide in his or her sole discretion, on a secured or unsecured basis, and to execute all notes, mortgages, and other instruments relating to such, provided any such loan carries a fair market interest rate.

### Section 4.10      Annuities

My Agent may waive my right to be a beneficiary of a joint and survivor annuity, including a survivor benefit under a retirement plan.  My Agent may withdraw from, transfer ownership, surrender, or purchase any commercial annuity, private annuity, or grantor retained annuity trust.

## Section 4.11    Government Agencies and Benefits

My Agent has the unrestricted power to deal with and obtain maximum entitlements and benefits relating to the Social Security Administration, Veterans Administration, Social Services Departments, Social Security Disability Insurance, Supplemental Security Income, Medicaid, Medicare, Worker's Compensation and all other government benefits or entitlement programs, including claims, planning for eligibility, and submission of applications and appeals.  In this regard, my Agent is authorized to execute and deliver any power of attorney or authorization to act form requested or required by a governmental agency.  This power shall impose no affirmative duty on my Agent to provide information and/or documentation to any government agency.

## Section 4.12    Deal with Tax Authorities

My Agent is authorized to:

(i)   deal with tax authorities, to execute and sign on my behalf any and all Federal, state, local, and foreign income and gift tax returns (as authorized under Section 1.6012-1(a)(5) of Title 26 of the Code of Federal Regulations or under any state, local, or foreign authority), including estimated returns and interest, dividends, gains, and transfers, and to pay any taxes, penalties, and interest due thereon;

(ii)   represent me or to sign an Internal Revenue Service Form 2848 (Power of Attorney or Declaration of Representative) or Form 8821 (Tax Information Authorization), or comparable authorization, appointing a qualified lawyer, certified public accountant, or enrolled agent (including my Agent, if so qualified) to represent me before any office of the Internal Revenue Service, state, local, or foreign taxing authority with respect to the types of taxes and years referred to above, and to specify on said authorization said types of taxes and years;

(iii)   receive from or inspect confidential information in any office of the Internal Revenue Service, state, local, or foreign tax authority;

(iv)   receive and deposit, in any one of my bank accounts, or those of any revocable trust of mine, checks in payment of any refund of Federal, state, local, or foreign taxes, penalties, and interest;

(v)   execute waivers (and offers of waivers) of restrictions on assessment or collection of deficiencies in taxes and waivers of notice of disallowance of a claim for credit or refund;

(vi)   execute consents extending the statutory period for assessment or collection of such taxes; to execute Offers in Compromise and Closing Agreements under Section 7121 or comparable provisions of the Internal Revenue Code, as amended, or any federal, state, local, or foreign tax statutes or regulations; and

(vii)   delegate authority to, or substitute another representative for any one of those previously appointed by me or my Agent, and to receive copies of all notices and other written communications involving my federal, state, local, or foreign taxes at such address as my Agent designates.

### Section 4.13    HIPAA Authorization

My Agent, and any successor Agent appointed in this power of attorney, shall have the power and authority of a designated representative for all purposes under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. Section 1320d and 45 C.F.R. Parts 160-164. My Agent and successor Agent are authorized to execute releases and other documents necessary to obtain disclosure of individually identifiable health information, medical records, and patient files, including psychotherapy notes. This information includes, but is not limited to, any written opinion or assessment of my decision making capacity. This authorization and release apply to all information protected by HIPAA and shall only expire if I revoke this power of attorney.

### Section 4.14    Reimbursement of Health Care Agent

My Agent may reimburse my Agent under any health care directive, including but not limited to a Health Care Durable Power of Attorney, even if such Agent is my Agent, for any costs (including legal fees) reasonably incurred in or as a result of acting pursuant to such health care directive.

### Section 4.15    Employment of Professionals

My Agent may retain, discharge, and pay for, in the sole discretion of my Agent, the services of professionals, including, but not limited to, information technology experts, attorneys, accountants, financial planners, geriatric care managers, social workers, and any other health care professionals. My Agent is not obligated to retain or pay for any health care professional on my behalf.

### Section 4.16    Gifting Powers

Notwithstanding any other provision of this Durable Power of Attorney, my Agent may make gifts of any interest I have in real or personal property ("my property") to any person or entity, in any amount.

While gifts under this provision may be made to my Agent, only a Special Agent appointed under the provisions of Section 7.03 may make gifts to my Agent. Neither my Agent nor the Special Agent may make gifts to himself or herself, his or her estate, his or her creditors, or the creditors of his or her estate. The Special Agent appointed for this purpose must be an individual who is not related or subordinate to my Agent within the meaning of Section 672(c) of the Internal Revenue Code.

Unless otherwise specified above, the value of any gift made pursuant to this Section may exceed the annual dollar limits of the federal gift tax exclusion under Section 2503(b) of the Internal Revenue Code.

### Section 4.17    Gift-Splitting

If I become married, my Agent may make, join, and consent to gifts by my spouse pursuant to Section 2513 of the Internal Revenue Code, even if such gifts exceed my

aggregate annual gift tax exclusion amount under Section 2503(b) of the Internal Revenue Code.

### Section 4.18    Intent to Return Home

It is my intention to return home if I should be in a hospital, rehabilitation center, or nursing home, and my Agent shall take all steps, including, but not limited to, executing any document, affidavit, or Declaration of Intent to Return Home on my behalf, to effectuate the same.

### Section 4.19    Domicile

My Agent may change or maintain my domicile and/or residency for any and all purposes and take any and all actions to effectuate the foregoing.

### Section 4.20    Nomination of Conservator

I intend hereby to render unnecessary any future proceeding for a court-appointed Conservator in the event I become temporarily or permanently incapacitated or incompetent. Accordingly, I request, in the strongest possible terms, that any court that may receive or act upon a petition for the appointment of a Conservator should deny such petition so long as my Agent is acting under this power of attorney.

If a Conservator is ever appointed for me in spite of this request, I direct that the person serving, or named to serve, as my Agent under this power of attorney be named as my Conservator.

### Section 4.21    Business Activities

My Agent may invest in, contribute to, establish, create, and fund any existing or newly created partnership, corporation, limited liability company, limited liability partnership, limited partnership, or other entity and to exercise all rights pertaining thereto.

### Section 4.22    Marital Agreements and Designation of Spouse as Agent

If I become married, my Agent may enter into, modify, or amend any pre-nuptial or post-nuptial agreement to which I am or hereafter become a party. If a named Agent is my spouse, then this power of attorney as to that named Agent is automatically revoked, and that Agent is deemed to have resigned as Agent upon the filing of any separation or dissolution action between us.

### Section 4.23    Caregiver Agreements

My Agent may enter into, execute, modify, alter, or amend any contract or agreement (for example, a Caregiver Agreement or Personal Services Contract) pertaining to my medical, personal, or general care that I may require at my residence, assisted living facility, nursing facility, or in another's residence on my behalf. I expressly authorize my Agent to also serve as a caregiver under any such agreement and to be paid in accordance with the terms and conditions of such agreement, provided, however, that such services are compensated at fair market value.

### Section 4.24    Qualified Plans

Notwithstanding the provisions of Section 1.03 of this Durable Power of Attorney, my Agent may deal in all respects with any Qualified Plan or Individual Retirement Account that I may own and to make any and all available elections or beneficiary designations on my behalf. If I become married and my spouse is a participant in a Qualified Plan or Individual Retirement Account, I authorize my Agent to effect any waiver of my rights to any portion of said Plan or to any payout arrangement which may require my consent or approval by law, under any such Plan, or otherwise.

### Section 4.25    Enforcement Proceedings

My Agent may commence enforcement proceedings, at my expense, against any bank, savings and loan association, credit union, financial institution, brokerage firm, stock transfer agent, insurance company, title insurance company, or other person or entity that fails or refuses to honor this durable power of attorney.

### Section 4.26    Credit Cards

My Agent may use any credit card in my name; to make purchases on my behalf; to open a new credit card account and to close any existing credit card account.

### Section 4.27    Online Accounts, Digital Assets, and Digital Devices

Without limiting any other provision of this Durable Power of Attorney, and subject to the limitations of any other provision of this Durable Power of Attorney, my Agent has the powers described in this Section.

My Agent has full authority to deal with Online Accounts, Digital Assets, and Digital Devices of all kinds, wherever located. This authority includes, but is not limited to, the power to acquire, create, establish, access, control, modify, cancel, delete, continue, transfer, and take possession of such accounts, assets, and devices.

However, if I have used an online tool to direct the custodian of an Online Account, Digital Asset, or Digital Device to not disclose certain information, and if the online tool allows for the modification or deletion of that direction at all times, then such direction overrides the authority granted in this Section.

My Agent may request and change my access credentials to any Online Account, Digital Asset, and Digital Device (such as username, password, and secret question), and any third-party dealing with my Agent in good faith will be held harmless for releasing such access credentials.

For purposes of this Durable Power of Attorney, the following definitions apply:

#### (a)    Online Accounts

The term "Online Accounts" means accounts that are accessible through the Internet or other similar method, including, but not limited to: bank accounts; investment accounts; other financial accounts; accounts with health care providers; social media accounts (like LinkedIn, Facebook, and Twitter); gambling and poker accounts; accounts with publishers;

accounts for access to employee benefits; email accounts; accounts with Internet service providers; accounts to manage websites and website domain names; accounts with retail vendors; tax-preparation service accounts; affiliate marketing accounts; accounts with utility companies; user access accounts on third-party Digital Devices; and any other online account.

**(b)    Digital Assets**

The term "Digital Assets" means intangible personal property related to digital technology (whether located on a Digital Device or an Online Account), including, but not limited to: emails sent or received; text messages sent or received; other digital communications sent or received; digital music; digital photographs; digital videos; software licenses; social network accounts; file sharing accounts; online access to financial accounts; domain registrations; DNS service accounts; website hosting accounts; personal and commercial websites; tax preparation service accounts; online store accounts; affiliate marketing accounts; and other types of online accounts and digital items that currently exist or may exist as technology develops.

**(c)    Digital Devices**

The term "Digital Devices" means tangible personal property related to digital technology capable of storing Digital Assets or accessing Online Accounts, and includes, but is not limited to: desktop computers; laptop computers; tablet computing devices (tablets); other mobile computing devices; peripheral devices; hard disk drives; solid state drives; flash memory devices; other storage devices; mobile telephones; smartphones; and any other type of digital device that currently exists or may exist as technology develops.

## Section 4.28    Domestic Pets

My Agent may make reasonable expenditures for the care, maintenance, support, and general welfare of my domestic pets, if any.  Specifically, and without limitation, my Agent may consent to and make reasonable expenditures for medical treatment, boarding, and kennel care of any of my domestic pets.  I authorize any and all payments from my funds for pet care provided by any person or entity, including my Agent.

In addition, my Agent may acquire a domestic service pet if, in my Agent's sole discretion, such service pet will benefit me.

## Section 4.29    Estate and Long Term Care Planning

A.   Notwithstanding the provisions of Section 1.03 of this Durable Power of Attorney, my Agent may engage in estate and long term care planning in furtherance of achieving asset preservation.  Property transfers made pursuant to the authority granted herein may be made without restriction as to the value of the transfer, and shall, for all purposes, be deemed to have been "in my best interest" if: (1) made in accordance with the provisions

of this section; and (2) made in the context of estate planning, financial planning, Medicaid planning, long term care planning, or asset preservation planning pursuant to the recommendations of an attorney-at-law experienced in such matters. My Agent may engage in such planning based on all relevant factors, including:

    (i)   the value and nature of my property;

    (ii)  my foreseeable obligations and need for maintenance;

    (iii) minimization of taxes, including income, estate, inheritance, generation skipping transfer, and gift taxes; and

    (iv) eligibility for a benefit, a program, or assistance under a statute or government regulation.

B. Notwithstanding the provisions of Section 1.03 of this Durable Power of Attorney, my Agent may take any action necessary to effectuate the foregoing, including to qualify me for Social Security Benefits, Supplemental Security Income, Veterans Benefits, Medicaid or any other government benefit program. Such actions may include but shall not be limited to the following:

    (i)   convert non-exempt resources into exempt resources;

    (ii)  divest me of assets, without restriction as to the value of the divestment;

    (iii) if I become married and my Agent is my spouse, my spouse may protect our assets, whether owned by me alone, my spouse alone, or by us together as husband and wife, so that my spouse's impoverishment because of my health care costs can be avoided, by whatever lawful methods that might be available;

    (iv) sign a Spousal Refusal (if I become married, and even if my Agent is my spouse);

    (v)  sign an Assignment of Support (if I become married, and even if my Agent is my spouse);

    (vi) if I become married, divide community property assets equally or unequally between my spouse and me, without restriction as to the difference of the value of our shares, if any;

    (vii) sign an application for Medical Assistance or any other government benefit program;

  (viii) serve as representative payee;

    (ix) if I become married, transfer the family residence to a spouse who does not need long-term health or nursing care, without restriction as to the value of the transfer;

    (x)  make home improvements and additions to my family residence;

    (xi) pay off, partly or in full, any encumbrance on my family residence;

    (xii) purchase a family residence, if I do not own a family residence;

  (xiii) purchase a more expensive family residence; and

(xiv)  attend and represent me at Fair Hearings.

### Section 4.30    Ownership and Rights of Survivorship

Notwithstanding the provisions of Section 1.03 of this Durable Power of Attorney, my Agent may select, create, or change the rights of survivorship on any and all of my property, whether real or personal, including bank and investment accounts, insurance policies, annuities, qualified or nonqualified retirement plans, and real property interests, and may do so by any means, including by changing ownership, such as adding a joint owner.  My Agent may designate survivorship rights among one or more remaindermen and may designate the form of title among multiple remaindermen, including, but not limited to, as tenants in common, joint tenants, community property, or tenants by the entirety.

In particular, my Agent may execute any deed designating beneficiaries, including an enhanced life estate deed (also known as a "ladybird" deed), including with respect to my homestead property, if any, and may conduct any and all transactions with full power and authority in my Agent to sell, convey, mortgage, lease, and otherwise dispose of the property in accordance with the terms of the deed.

### Section 4.31    Beneficiary Designations

Notwithstanding the provisions of Section 1.03 of this Durable Power of Attorney, my Agent may select, create, or change beneficiary designations on any and all of my property, whether real or personal, including bank and investment accounts, insurance policies, annuities, qualified or nonqualified retirement plans, and real property interests.

### Section 4.32    Spiritual and Religious Needs

My Agent may arrange for the involvement of religious clergy or spiritual leaders in my care, provide said persons access to me at all times, arrange or maintain my membership in religious or spiritual organizations, and create opportunities for me to derive comfort and spiritual satisfaction from such activities, including the purchase of religious books, tapes, and other materials.

### Section 4.33    Companionship

My Agent may provide for such companionship for me, in the sole discretion of my Agent, as will meet my needs and preferences at a time when I am disabled or otherwise unable to arrange for such companionship myself.

### Section 4.34    U.S. Mail

My Agent may open, read, respond to, and redirect my mail, and represent me before the U.S. Postal Service in all matters relating to mail service.

# Article Five
# Incidental Powers

My Agent may perform those acts and execute and deliver those legal documents necessary or appropriate to the exercise of the powers set forth in this Durable Power of Attorney, including, but not limited to, the following incidental powers.

### Section 5.01     Court Proceedings

My Agent may commence any court proceedings necessary to protect my legal rights and interests under this Durable Power of Attorney including, but not limited to:

   (i)   actions for declaratory judgments from any court of competent jurisdiction interpreting the validity of this Durable Power of Attorney and any of the acts sanctioned by this Durable Power of Attorney; provided, however, that my Agent need not seek a declaratory judgment to perform any act sanctioned by this Durable Power of Attorney;

   (ii)   actions for mandatory injunctions requiring any person or entity to comply with my Agent's directions as authorized by this Durable Power of Attorney; and

   (iii)   actions for actual and punitive damages and the recoverable costs and expenses, including reasonable attorney's fees, of such litigation against any person or entity who negligently or willfully fails or refuses to follow my Agent's directions as authorized by this Durable Power of Attorney.

### Section 5.02     Document Execution

My Agent may sign, execute, endorse, seal, acknowledge, deliver, and file or record all appropriate legal documents necessary to exercise the powers granted under this Durable Power of Attorney.

### Section 5.03     Custody of Documents

My Agent may take, give, or deny custody of my important documents, including my Will and any codicils, trust agreements, deeds, leases, life insurance policies, contracts, or securities.  My Agent may disclose or not disclose the whereabouts or contents of those documents as my Agent believes appropriate.

# Article Six
# Limitation on Powers

All powers granted to my Agent under this Durable Power of Attorney are subject to the limitations set forth in this Article.

### Section 6.01      My Agent to Avoid Disrupting My Estate Plan

If it becomes necessary for my Agent to liquidate or reinvest any of my assets to provide support for me, I direct that my Agent, to the extent that it is reasonably possible, avoid disrupting the dispositive provisions of my estate plan as established by me prior to my incapacity.

If it is necessary to disrupt the dispositive provisions of my estate plan, my Agent will use his or her best efforts to restore my plan as soon as possible. My Agent will make reasonable efforts to obtain and review my estate plan. I authorize any person with knowledge of my estate plan or possession of my estate planning documents to disclose information to my Agent and to provide copies of documents to my Agent.

### Section 6.02      Tax Sensitive Powers

No individual serving as my Agent may exercise any fiduciary power or discretion if the exercise of that power or discretion would:

(i)   cause any income generated by my property to be attributed to my Agent for federal income tax purposes;

(ii)  cause the value of any property subject to this Durable Power of Attorney to be included in my Agent's gross estate for federal estate tax purposes;

(iii) cause any distribution made or allowed to be made by my Agent to be treated as a gift from my Agent; or

(iv)  discharge a legal obligation of my Agent.

If the exercise of a power by my Agent under this Durable Power of Attorney would cause any of the foregoing results, a Special Agent appointed under the provisions of Section 7.03 may exercise the power or discretion.

The Special Agent appointed for this purpose must be an individual who is not related or subordinate to my Agent within the meaning of Section 672(c) of the Internal Revenue Code.

# Article Seven
# Administrative Powers and Provisions

This Article contains certain administrative powers and provisions that facilitate the use of the Durable Power of Attorney and that protect my Agent and those who rely upon my Agent.

### Section 7.01      Compensation and Reimbursement to Agent

If my Agent is a professional (such as an attorney; accountant; geriatric care manager; professional guardian, conservator, or other fiduciary; or other professional, including entities that provide similar services), my Agent is entitled to compensation for services

rendered pursuant to this Durable Power of Attorney at such professional's then stated rates. If my Agent is not a professional, my Agent is entitled to such compensation at a reasonable rate under the circumstances.

Whether or not my Agent is a professional, my Agent is entitled to reimbursement for costs reasonably incurred while acting as my Agent, including, but not limited to: phone bills; postage; and travel expenses, if necessary, to supervise my care.

## Section 7.02      Release of Information

My Agent may release and obtain, as the case may be, any and all information regarding my financial investments, taxes, and estate planning, including any information or documents regarding stocks, bonds, certificates of deposit, bank accounts, tax returns, retirement accounts, pension plans, wills, trusts, powers of attorney, advance directives, and any other documents or information regarding my financial affairs, taxes, or estate planning from my attorneys-at-law, financial advisors, insurance professionals, accountants, stockbrokers, stock transfer agents, and any other persons having such information.

I release these persons or entities from any liability for releasing the above-referenced information to my Agent in reliance on this Section.

If my Agent is an attorney-at-law or other accounting or financial professional, the professional regulations of my Agent's profession and federal law may prohibit my Agent from releasing information about my financial affairs to others if I am a client of my Agent. This instrument, therefore, is a limited waiver of any privilege (such as the attorney-client privilege) that I have established with any Agent as a client. The privilege is waived for the limited purpose of permitting my Agent to perform his or her duties under this Durable Power of Attorney.

## Section 7.03      Appointment of a Special or Ancillary Agent

My Agent may appoint, in writing, a corporate fiduciary or an individual to serve as Special Agent to exercise any power under this Durable Power of Attorney. My Agent may revoke any such appointment at will.

If my Agent determines that it is necessary or desirable to appoint an Ancillary Agent to act under this Durable Power of Attorney in a jurisdiction other than this one, my Agent may do so. In making an appointment, my Agent may sign, execute, deliver, acknowledge, and make declarations in any documents that may be necessary, desirable, convenient, or proper in order to carry out the appointment.

A Special or Ancillary Agent may exercise all powers granted by this Durable Power of Attorney unless expressly limited elsewhere in this Durable Power of Attorney or by the instrument appointing the Special or Ancillary Agent. A Special or Ancillary Agent may resign at any time by delivering written notice of resignation to my Agent. Notice of resignation shall be effective in accordance with the terms of the notice.

### Section 7.04     Agent Authorized to Employ My Attorney

My Agent may employ the attorney who prepared this Durable Power of Attorney or any other attorney employed by me in connection with my estate plan or business matters and I specifically:

    (i)   waive any and all conflicts of interest that might arise through such employment;

    (ii)  authorize the attorney to make full disclosure of my estate plan and business to the Agent; and

    (iii) authorize the attorney to accept the engagement.

### Section 7.05     Fiduciary Eligibility of Agent

My Agent is eligible to serve in any other fiduciary capacity for me or for my benefit, including trustee, guardian, conservator, committee, executor, administrator, or personal representative.

### Section 7.06     Revocation

I may revoke this Durable Power of Attorney at any time.

If this Durable Power of Attorney is revoked, no person will incur any liability to me or my estate as a result of permitting my Agent to exercise any power authorized by this Durable Power of Attorney prior to that person's receipt of notice that it was revoked.

### Section 7.07     Resignation

My Agent may resign by the execution of a written resignation delivered to me (or my guardian if I am incapacitated and one has been appointed for me) and to any Agent serving together with the resigning Agent, or if none, to the next successor Agent. If I am incapacitated, notice may be delivered to any person with whom I am residing or who has my care and custody.

### Section 7.08     Signature of Agent

My Agent shall use substantially the following form when signing documents on my behalf pursuant to this power:

    *[Agent's name]*, as Agent for Dorothy M. Jewell.

### Section 7.09     Interpretation

This Durable Power of Attorney is a general power of attorney and should be interpreted as granting my Agent all general powers permitted under Virginia law. The description of specific powers is not intended to, nor does it, limit or restrict any of the general powers granted to my Agent.

### Section 7.10      Use of "Agent" Nomenclature

The word "Agent" and any modifying or equivalent word or substituted pronoun includes the singular and the plural, as well as the masculine, feminine, and neuter genders, and includes the term "attorney-in-fact."

### Section 7.11      Third-Party Reliance

No person who relies in good faith on the authority of my Agent under this Durable Power of Attorney will incur any liability to me, my estate, or my heirs, successors, and assigns.

Any party dealing with my Agent may conclusively rely upon an affidavit or certificate of my Agent stating that:

(i)   the authority granted to my Agent under this Durable Power of Attorney is in effect;

(ii)  my Agent's actions are within the scope of my Agent's authority under this Durable Power of Attorney;

(iii) I was competent when I executed this Durable Power of Attorney;

(iv)  I have not revoked this Durable Power of Attorney; and

(v)   my Agent is currently serving as my Agent.

### Section 7.12      Effect of Duplicate Originals or Copies

If this Durable Power of Attorney has been executed in multiple counterparts, each counterpart original will have equal force and effect.  My Agent may make copies of this Durable Power of Attorney and each copy will have the same force and effect as the original.  A copy means an electronic, digital, facsimile, photocopy, or other reproduction of this Durable Power of Attorney.

### Section 7.13      Governing Law

This Durable Power of Attorney's validity and interpretation will be governed by Virginia law.  To the extent permitted by law, this Durable Power of Attorney is applicable to all of my property (whether real or personal, tangible or intangible, or legal or equitable), wherever located, and whether or not the property is owned by me now or in the future.

### Section 7.14      Severability

If any provision of this Durable Power of Attorney is declared invalid for any reason, the remaining provisions will remain in full force and effect.

# Article Eight
# Duties and Liabilities of My Agent

### Section 8.01    Limitation of Liability of My Agent

I release and discharge any Agent acting in good faith from any and all civil liability and from all claims or demands of all kinds whatsoever by me, my estate, and my heirs, successors, and assigns arising out of the acts or omissions of my Agent, except for duties committed dishonestly, with improper motive, or with reckless indifference to the purposes of this Durable Power of Attorney or my best interests, including willful misconduct or gross negligence. This protection extends to the estate, heirs, successors, and assigns of my Agent.

In particular, any Agent who acts in good faith is not liable to any beneficiary of my estate plan for failure to preserve the plan, and absent a breach of duty to me, my Agent is not liable if the value of my property declines.

# Article Nine
# Acceptance of Appointment as Agent

Any manifestation of acceptance of appointment as Agent, whether in writing or by conduct, is an acceptance of all aspects of this Durable Power of Attorney, and may not be limited to only certain aspects. Appointment as Agent is accepted by:

(i) signing any document manifesting acceptance;

(ii) exercising any authority or performing any duties as Agent under this Durable Power of Attorney; or

(iii) any other assertion or conduct indicating acceptance.

# Article Ten
# Declarations of the Principal

I understand that this Durable Power of Attorney is an important legal document. Before executing this Durable Power of Attorney, my attorney explained to me the following:

(i) that this Durable Power of Attorney provides my Agent with broad powers to dispose of, sell, convey, and encumber my real and personal property;

(ii) that the powers will exist for an indefinite period of time unless I revoke this Durable Power of Attorney or I have limited their duration by specific provisions herein;

(iii) that this Durable Power of Attorney remains in full force and effect during my subsequent disability or incapacity; and

(iv) that I may revoke or terminate this Durable Power of Attorney at any time.

Dated:  June 26, 2017

_Dorothy M. Jewell_
Dorothy M. Jewell, Principal

Witnessed:

_Dana L. Clark_
(Signature)

_Dana L. Clark_
(Print Name)

_Cynthia L. Kirk_
(Signature)

_CYNTHIA L. KIRK_
(Print Name)

COMMONWEALTH OF VIRGINIA )
COUNTY OF LOUDOUN )

This instrument was acknowledged before me on June 26, 2017, by Dorothy M. Jewell.



GORHAM SHARPLESS CLARK
NOTARY PUBLIC
REGISTRATION # 127390
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES
JULY 31, 2017

Notary Public

Durable Power of Attorney of Dorothy M. Jewell
Page 25 of 25

# Schedule A

## (Real Property)

My Agent may exercise any power described in this Durable Power of Attorney on my behalf with respect to any real property I now own or may acquire in the future, including, but not limited to, the following: